FORT WORTH & DENVER CITY RAILWAY COMPANY v.
DAVE ALEXANDER.

Decided June 4, 1904.

**1.—Carriers—Cattle Shipment—Weak Condition of Cattle.**

Where a carrier accepts for transportation cattle which are weak and thin, but able to be transported, and its negligence proximately causes injury or concurs with the condition of the cattle in producing injury to them, the carrier, it seems, may be held liable for the full extent of the injury. See charge held to sufficiently exempt the carrier from liability for injury resulting from the condition and inherent weakness of the cattle.

**2.—Same—Habitual Negligence—Proximate Cause.**

Habitual negligence of the carrier in transporting cattle resulting in injury to them is no defense, nor is negligence on the part of the shipper as to their condition unless it proximately contributed to the injury.

**3.—Same—Charge as to Specific Feature of Negligence.**

Where the main charge throughout was replete with instructions to the jury to find for the plaintiff only in the event there was negligence on defendant's part proximately resulting in the injury, it was not error to refuse a special charge excluding from consideration certain phases of the injury because a certain benefit to the condition of the cattle may have also resulted from the particular action causing that injury.

**4.—Same—Charge—Delay and Rough Handling.**

A requested charge was properly refused which would have precluded plaintiff from recovery of damages occasioned by the delays and rough handling of the cattle en route.

Appeal from the District Court of Wilbarger. Tried below before Hon. J. A. Nabers.

*Stanley, Spoonts & Thompson* and *J. H. Barwise, Jr.,* for appellant.

*Tolbert & Berry,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellee sued appellant in the District Court of Wilbarger County, and recovered judgment in the sum of $680 for damages to a shipment of 394 head of stock cattle from Vernon to Dalhart, a distance of some 260 miles.

Appellant first complains that the court erred in refusing to give its special charge number 6. The issue sought to be submitted by this charge was sufficiently presented in the eighth paragraph of the court's charge in the following words: "If you shall find and believe from the evidence that the cattle of plaintiff were shipped over the road of the defendant and that they died or were injured from no act of negligence of the defendant or its employes, or that they were not so injured by detention at stock pens or delayed (delay) in transportation or rough handling, or if you find the same were injured but it was from the inherent weakness of the cattle, or that their condition was such that they could not make such voyage without such injury, then you will find for the defendant." Texas & P. Ry. Co. v. Dawson, 34 Texas Civ. App., —, 9 Texas Ct. Rep., 63. Moreover, special charge number 6 was defective in that it was nowhere required therein that the prior

treatment by appellee of his cattle in ridding them of ticks must have proximately caused or contributed to cause the injuries complained of. If for any reason appellee's cattle were weak and thin but able to be transported, yet notwithstanding their condition appellant accepted such cattle and its negligence proximately caused or concurred with the condition of such cattle to produce injury, we are not prepared to admit that it would not be liable to the full extent of the injury done. See Chicago R. I. & T. Ry. Co. v. Dawson, supra.

We are referred by appellant to the case last cited in support of its contention that the following special charge should have been given: "Even though you find that some cattle were killed and others injured; yet if you further find and believe from the testimony that there is some injury results from the transportation of cattle on trains, and such cattle were so injured through such cause, then as to such injury you will find for defendant." In the Dawson case the special charge requested, and for the refusal of which the cause was reversed, read as follows: "If you believe from the evidence in this case that the cattle in controversy were poor and weak and thin and that the proximate cause of the damage to plaintiff's cattle was their poor condition, then you will find for the defendant." There is little similarity between that and the present requested charge. Here the charge does not even require that the causes enumerated shall have proximately resulted in the injuries sued for, and is inaccurate, in that "such causes" may have themselves been negligence. That there is habitual negligence in transporting cattle resulting in injury to them is no defense.

Special charges 2 and 3 were sufficiently embraced in the main charge of the court.

Complaint is next made of the refusal of special charge number 5, which is as follows: "Even though you should find and believe from the testimony that the cattle were delayed at Amarillo for a number of hours, and even though you should find and believe from the testimony that an ordinary prudent and careful person under the same or similar circumstances would not have unloaded the cattle at Amarillo, and you further find and believe from the testimony that by such unloading of the cattle, and the watering of same, they were strengthened and benefited and thereby better enabled to undergo the balance of the journey, then you are instructed that there would be no liability on the part of the defendant for such delay, and this part of the case should be excluded from your consideration in making up your verdict." In this connection it is well to note that the issue pleaded by appellant, to wit, that there was no negligence in unloading the cattle at Amarillo for food, water and rest, was submitted in the language of appellant's special charge number 4. The main charge throughout is replete with instructions to the jury to find for appellee only in the event there was negligence proximately resulting in injury, and there could have been no harm in refusing the special charge above quoted.

The following special charge was also requested: "Even though you

should find and believe from the testimony that the plaintiff herein had delivered the cattle to the railway company prior to the time they were loaded, and even though you further find and believe from the testimony that the railway company had accepted the cattle prior to the time they were loaded, yet if you further find and believe from the testimony that the railway company has exercised ordinary care and prudence in the construction and maintenance of its stock pens, and that the pens at Vernon are such as were in common and general use for shipping purposes, and were such as were used on railroads throughout the country, then in that event, the railway company would not be liable to the plaintiff for any damages, even though his cattle sustained injury or damage while in such pens awaiting shipment." The foregoing charge, if it otherwise stated a correct proposition of law, was nevertheless properly refused, because, if given, it would have precluded appellee from a recovery of damages occasioned by the delays and rough handling en route.

We find no evidence whatever that would have authorized the giving of special charge number 9, which sought to relieve appellant upon the doctrine of avoidable consequences, because of appellee's supposed failure to properly care for his cattle while in the hands of appellant.

All assignments are overruled, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.